UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER WHYMS,

      Plaintiff,                             Civil Action No. 15-CV-11131

vs.                                   HON. BERNARD A. FRIEDMAN

HSBC BANK, USA, et al.,

      Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

      This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

      Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

      Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, the complaint is clearly frivolous. Plaintiff filed a nearly identical "wrongful foreclosure" action in 2014, *see Whyms v. HSBC Bank USA*, Civil Action No. 14-13384 (E.D. Mich.), which this Court dismissed on April 10, 2015. Plaintiff commenced the instant action on March 26, 2015, against the same defendant and one other, Creekside Development, LLC. The judgment entered in the earlier action is res judicata as to the instant action, as all claims raised in the instant action either were or could have been raised in the earlier action. Further, as the Court noted in its April 10, 2015, opinion and order dismissing the complaint in the earlier action, plaintiff's claims are barred by the Rooker-Feldman doctrine because they would require the Court to invalidate a state court judgment of foreclosure on the property at issue. Even if plaintiff could overcome these barriers, the Court has no jurisdiction to entertain his claim against Creekside Development, LLC, as this appears at best to be a breach of contract claim with an amount in controversy of just $8,300. *See* Compl. ¶¶ 18, 21. Accordingly,

2

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis

is granted.  The complaint is filed and the filing fee need not be prepaid.


IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B).



                                              _s/ Bernard A. Friedman_____

Dated: April 24, 2015                BERNARD A. FRIEDMAN

      Detroit, Michigan          SENIOR UNITED STATES DISTRICT JUDGE

3